UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11206-GAO

KHALID M. HASHMI,
Plaintiff,

v.

SUZANNE M. BUMP, as MA State Auditor, LAURA MARLIN, as First Deputy Auditor,
PAMELA LOMAX, as Deputy Auditor for Administration & Finance, and
GERALD MCDONOUGH, as Deputy Auditor and General Counsel,
Defendants.

OPINION AND ORDER
March 10, 2014

O'TOOLE, D.J.

The plaintiff, Khalid Hashmi, was an employee at the Massachusetts Office of the State

Auditor until his termination. The plaintiff claims the defendants wrongfully terminated him in

violation of Title I of the Americans with Disabilities Act ("ADA"). The defendants move to

dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure

12(b)(6), contending that the claim is precluded, or alternatively, because the claim is barred by

sovereign immunity or otherwise unavailable.

## I.      Background

The plaintiff alleges that he was an employee at the Massachusetts Office of the State

Auditor ("OSA") for 15 years, since February 1998. The plaintiff is deaf. He alleges that during

a training session for office staff, he requested a deaf interpreter to help him understand the

content. He alleges being denied such accommodation, and he filed charges of discrimination

with the Massachusetts Commission Against Discrimination and the U.S. Equal Employment

Opportunity Commission. The plaintiff further alleges that instead of resolving his charge of discrimination, the OSA instead responded by terminating his employment.

On April 18, 2012, the plaintiff brought suit in this District against his OSA superiors Joannah Quinn and Gerald McDonough for employment discrimination in violation of Title I of the ADA. Judge Hillman granted the defendants' motion to dismiss because Massachusetts officials cannot be sued in their official capacities in federal court under Title I of the ADA, by virtue of the Eleventh Amendment. Hashmi v. Quinn, No. 12-40048, slip op. at 3-4 (D. Mass. Sept. 17, 2012) (dkt. no. 12).

Here, the plaintiff again brings suit against OSA employees for employment discrimination under Title I of the ADA, alleging, as he did in Hashmi v. Quinn, that he was wrongfully terminated because of his disability.

## II.   Discussion

### A.   Claim Preclusion

"Federal claim preclusion law applies to determine the preclusive effect to be given a prior federal court judgment." Airframe Systems, Inc., v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010) (citing Coors Brewing Co., v. Méndez-Torres, 562 F.3d 3, 8 (1st Cir. 2009)). "Claim preclusion applies if (1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently or closely related." Id.

#### i.   *Final Judgment on the Merits*

A dismissal for failure to state a claim is considered a final judgment on the merits. U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 241 (1st Cir. 2004), abrogated on other grounds by U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40 (1st Cir. 2009). Absent a

clear statement to the contrary, a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is presumed to be with prejudice. Id. (citing Andrews-Clark v. Lucent Tech., Inc., 157 F. Supp. 2d 93, 99 (D. Mass. 2001) ("A dismissal for failure to state a claim is a dismissal on the merits. . . . This type of dismissal, presumed to be with prejudice unless the order explicitly states otherwise, has a claim preclusive effect.").

The order of dismissal by Judge Hillman in the prior case did not expressly state whether the dismissal was with or without prejudice, but, absent some contrary indication by the judge, dismissal on Rule 12(b)(6) grounds is a final judgment on the merits.

ii.      *Identity Between Causes of Action*

A transactional approach is applied to determine whether the asserted cause of action is sufficiently identical or related for purposes of claim preclusion. See Airframe Sys., Inc., 601 F.3d at 15. A cause of action encompasses "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Id. (citing United States v. Cunan, 156 F.3d 110, 114 (1st Cir. 1998)). This approach does not focus on labels or sources for the causes of action; instead it "boils down to whether the causes of action arise out of a common nucleus of operative facts." Id. (citing Mass. Sch. Of Law at Andover, Inc. v. Am. Bar. Ass'n, 142 F.3d 26, 38 (1st Cir. 1998)).

The plaintiff's prior case arose from the alleged discrimination by the plaintiff's employer against the plaintiff for his disability, which allegedly led to his ultimate termination from employment on May 5, 2011. In that case and in this case, the plaintiff alleges that his termination was wrongful because it was based on his disability. The plaintiff does not contend that the instant complaint arises from a new, separate incident. The plaintiff asserts the same

operative facts in both cases, which renders the causes of action in the two cases sufficiently identical for preclusion to apply.

### iii.    *Identity Between Parties*

"Claim preclusion does not merely bar a plaintiff from suing the same defendant for the same claims in a different action . . . . [C]laim preclusion applies if the new defendant is 'closely related to a defendant from the original action—who was not named in the previous law suit'. . . ." Airframe Sys., Inc., 601 F.3d at 17 (quoting Negrón-Fuentes v. UPS Supply Chain Solutions, 532 F.3d 1, 10 (1st Cir. 2008)).

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989) (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). "As such, it is no different from a suit against the State itself." Id. (citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)). In the prior complaint, the plaintiff sued the defendants in their official capacities as employees of the OSA, effectively against the Commonwealth itself. Here, it is not disputed that the plaintiff is again suing the defendants in their official capacities, so it follows that the plaintiff is again effectively suing the state itself. The fact that he has named some new state officials in the same office does not prevent a conclusion that the parties are effectively identical in both cases.

As all three requirements are met, the Court finds that claim preclusion bars the reassertion of the claim in this case.

B.      Other Grounds for Dismissal

Even if the plaintiff's claim were not precluded, the Complaint would fail to state a claim upon which relief can be granted for the other reasons set forth in Judge Hillman's opinion, Hashmi v. Quinn, slip op. at 3-4.

## III.     Conclusion

For the foregoing reasons, the defendants' Motion to Dismiss (dkt. no. 10) is GRANTED. The Complaint is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge